PER CURIAM.
Appellant, J.L., was accused of abusing his adopted daughter. The Department of Health and Rehabilitative Services (hereinafter “HRS”) investigated the incident and filed a report against J.L. in April of 1994, classifying the report as “proposed confirmed.” The statute under which HRS filed the report against J.L. also provided that the report be listed in the central abuse registry and tracking system. § 415.504, Fla. Stat. (1993).
J.L. contested the allegations against him and sought to have the report expunged through a formal administrative hearing as permitted by section 415.504. After HRS scheduled, and then rescheduled a hearing, the Division of Administrative Hearings ordered J.L. to show cause why his file should not be closed in light of the amendments to section 415.504 that were to take effect on October 1,1995.
The amended statute no longer requires the classification of child abuse reports, nor does it afford a person charged of child abuse the right to a formal administrative hearing for purposes of expunging the report. § 415.504, Fla. Stat. (1995). The 1995 version also established a central abuse hotline to replace the registry and tracking system, while prohibiting the use of reports for employment screening. On December 18, 1995, HRS ordered that J.L.’s abuse report be amended to conform to the 1995 version of the statute by de-classifying the report and denied him a formal hearing.
The amendments expressly provide that the changes do not apply retroactively. Therefore, HRS should have granted J.L. a formal administrative hearing as provided by section 415.504, Florida Statutes (1993).
Accordingly, we reverse and remand this case for an evidentiary hearing. If HRS does not prove the allegations as provided by section 415.504(4)(d)3, Florida Statutes (1993), the Department of Administrative Hearings shall order all identifying information expunged from the report.
REVERSED and REMANDED.
GLICKSTEIN, DELL and SHAHOOD, JJ., concur.